JOHN BEGGANS, DIRECTOR OF PUBLIC SAFETY OF THE CITY OF JERSEY CITY, AND THE MAYOR AND ALDERMEN OF JERSEY CITY, PROSECUTORS, v. CIVIL SERVICE COMMISSION, DEFENDANT.

Submitted May 13, 1932—Decided October 19, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices BODINE and DONGES.

For the prosecutors, *James A. Hamill* and *Frank J. Reardon*.

For the defendant, *Ziegener & Brenner* and *William L. Rae*.

PER CURIAM.

This writ of *certiorari* brings up for review a decision of the civil service commission ordering the restoration of Thomas Hurley to his position as police officer of the city of Jersey City, from which position he had been removed by the director of public safety after a hearing on charges before the deputy director.

The charge against Hurley was conduct unbecoming an officer "in this that the said patrolman * * * at about nine A. M., December 2d, 1930, while off duty and in full uniform, did enter the home of Mrs. Florence McGowan, age thirty-three, residence 52 Bright street, Jersey City, New Jersey, and did violently assault the said Mrs. Florence McGowan."

Mrs. McGowan testified before the deputy director and before the civil service commission that Hurley raped her. She made complaint on December 6th, 1930, four days after the alleged occurrence, and Hurley was suspended. The hearing was held on January 7th, 1931, and on January 23d, 1931, he was dismissed from the police force. He filed an appeal to the civil service commission on January 24th, 1931. He was indicted for rape on January 27th, 1931, and on November 9th, 1931, he was tried on that charge and was acquitted. The appeal was heard by one of the civil service commissioners on January 25th, 1932, and on March 1st, 1932, the order now under review was made directing his reinstatement.

Mrs. McGowan testified in detail concerning the circumstances which led up to the alleged attack. Other witnesses testified in support of the charge. Hurley denied the offense and claimed his superior officers were attempting to oust him from the police force upon false charges.

The decision of the civil service commission contains the following language:

"The records in this case show that the appellant was indicted at the grand inquest of the Hudson Oyer and Terminer at the December term, 1930, and subsequently brought to trial in the Court of Quarter Sessions of that county and was found not guilty and acquitted under date of November 9th, 1931. Since the appellant was acquitted by the Court of Quarter Sessions, as aforesaid, on the charges upon which the dismissal action of the director of public safety is based, it would appear that these charges have been disposed of and that they may not be used as grounds for dismissal.

"I submit, therefore, and I so recommend that the action of dismissal be set aside and the appellant ordered reinstated

to the rank and title of patrolman in the uniformed police department of the city of Jersey City. It would appear to be the intention of the law that in cases where a public employe has been acquitted of a criminal offense, that he is entitled, not only to reinstatement, but to compensation from the date of his suspension. See chapter 74, *Pamph. L.* 1913."

It would thus appear that the action of the civil service commission was based entirely upon the acquittal of Hurley at the criminal trial, both because of the statute cited and on general reasoning. The statute cited provides that the holder of any elective or appointive office, upon conviction of a misdemeanor in the administration of his office involving moral turpitude, shall forfeit office, but shall be restored with salary if the conviction be reversed. We do not think that this act controls the instant case. It is applicable to cases where dismissal follows conviction and is rested entirely upon the conviction. Here the charge was entirely different from the offense charged in the indictment, although they grew out of the same event.

Nor do we think that the acquittal disposed of the charges so "that they may not be used as grounds for dismissal." We think the proceedings were entirely independent. The charge was conduct unbecoming an officer touching an assault upon Mrs. McGowan. There might have been an assault which would amount to conduct unbecoming an officer but which did not constitute rape. The evidence might have been insufficient to convince a jury beyond a reasonable doubt of the guilt of the accused of the crime of rape but still have clearly indicated the officer's guilt of unbecoming conduct justifying dismissal. We think the acquittal was not a bar to the dismissal proceeding.

Counsel for Hurley urge that, even if the basis of the decision below is wrong, there should be an affirmance because the evidence demonstrates Hurley's innocence. However, the civil service commission made no finding on the factual situation and we deem it better to remit the case to that body for a decision on the question of whether or not the evidence justifies the action of the municipal authority.

The order under review is set aside.